**Wempi Freds LOING, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76277.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

the District Counsel, Seattle, WA, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Wempi Freds Loing, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Zhang v. Gonzales*, 408 F.3d 1239, 1244 (9th Cir. 2005), and deny the petition for review.

■ The BIA determined that Loing's asylum application was untimely and that he failed to show that extraordinary circumstances excused the late filed asylum application. Loing does not dispute this finding. Therefore, Loing is ineligible for asylum.

■ Substantial evidence supports the agency's denial of withholding of removal because, as Loing concedes in his opening brief, he and his family experienced no problems on account of their religion in the past. *See Hakeem v. INS*, 273 F.3d 812, 817 (9th Cir.2001). Furthermore, even assuming the disfavored group analysis applies in the context of withholding of removal and applies to Christian Indonesians, Loing has not demonstrated a clear probability of future persecution. *See*

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

John Hogan, Senior Litigation Counsel, Kurt B. Larson, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, OIL, Janice Kay Redfern, Esquire, David M. McConnell, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003); *cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Lastly, the record does not establish that Loing demonstrated a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007). Accordingly, Loing's withholding of removal claim fails.

■ Substantial evidence supports the agency's denial of CAT relief because he has not established it is more likely than not that he will be tortured if he returns to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.